Scott E. Stevens, Esq.
*scott@stevenslove.com*
Gregory P. Love, Esq.
*greg@stevenslove.com*
Darrell G. Dotson, Esq.
*darrell@stevenslove.com*
STEVENS LOVE
222 N. Fredonia Street
PO Box 3427
Longview, Texas 75601
Tel. (903) 753–6760
Fax (903) 753-6761

Mark Borghese, Esq.
Nevada Bar No. 6231
*mark@borgheselegal.com*
BORGHESE LEGAL, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel. (702) 382-0200
Fax (702) 382-0212

***Attorneys for Plaintiff Systemify, LLC***

E. Leif Reid (SNB 5750)
Tara C Zimmerman (SBN 12146)
Lewis and Roca, LLP
50 W. Liberty Street
Suite 410
Reno, NV 89501
775-321-3415
775-823-2929 (fax)
lreid@lrlaw.com
tzimmerman@lrlaw.com

Katherine Kelly Lutton
650-839-5070
Shelley K Mack
65-839-5070
Leeron G Kalay
650-839-5070
Fish and Richardson PC
500 Arguella St, Ste 500
Redwood City, CA 94063

***Attorneys for Defendants PacketMotion, Inc., and
VMware, Inc.***

1

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SYSTEMIFY, LLC, a Nevada limited liability company,

            Plaintiff,

       v.

PACKETMOTION, INC., a California corporation, and VMWARE, INC., a Delaware corporation,

           Defendants.

**Case No.:  2:12-cv-000130-GMN-PAL**

**STIPULATED PROTECTIVE ORDER**

**JURY TRIAL DEMANDED**

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

## INFORMATION SUBJECT TO THIS ORDER

1.    For purposes of this Protective Order, "PROTECTED INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, product, sales, marketing, customer, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2

PROTECTED INFORMATION shall include all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose PROTECTED INFORMATION.  Except with the prior written consent of the producing party or upon prior order of this Court, PROTECTED INFORMATION shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order.

2.      PROTECTED INFORMATION may be designated as "CONFIDENTIAL." The CONFIDENTIAL designation is reserved for PROTECTED INFORMATION that the producing party believes, reasonably and in good faith, to constitute confidential or proprietary technical, research, development, product, commercial, financial, budgeting, accounting, marketing, customer and/or any other type of information or tangible thing which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials.  Documents designated CONFIDENTIAL, information contained therein, and any summary, description or report containing such CONFIDENTIAL information shall be available only to the following individuals: (1) outside litigation counsel of record and  supporting personnel employed by those counsel; (2) up to five (5) in-house counsel identified in advance and in writing by the receiving party (3) technical advisors (per Paragraph 15 and in accordance with Paragraphs 16-17 herein); (4) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom; (5) Third Party Vendors (per Paragraph 18 herein); and (6) any other person(s) agreed upon in advance by the producing party in writing.

3.      PROTECTED INFORMATION also may be designated "CONFIDENTIAL— OUTSIDE COUNSELS' EYES ONLY."  The CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY designation is reserved for PROTECTED INFORMATION (a) that is not publicly available, (b) that the disclosing party reasonably and in good faith believes are

CONFIDENTIAL pursuant to Paragraph 2, and (c) the confidentiality of which cannot be adequately maintained so as to protect the reasonable interests of the producing party in maintaining their confidentiality, unless disclosure is limited to the persons to whom CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY material may be disclosed, or the disclosure of which may cause a competitive disadvantage to the producing party.  Such CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY materials will likely include, but are not limited to, current nonpublic sales and marketing materials, including customer lists; invention records, engineering documents and other technical documents pertaining to current technology not already possessed by the receiving party; current business and marketing plans; royalty information; and other highly sensitive information that is either currently in use or that has a reasonably anticipated future use.  Documents or tangible things designated CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, information contained therein, and any summary, description, or report containing such CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY information shall be available only to the following individuals: (1) outside litigation counsel of record and supporting personnel employed by those counsel; (2) technical advisors (per Paragraph 15 and in accordance with Paragraphs 16-17 herein); (3) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;  (4) Third Party Vendors (per  Paragraph 18 herein); and (5) any other person(s) agreed upon in advance by the producing party in writing.  For purposes of this Order, any inventor of a patent-in-suit is not authorized to receive or review material designated CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE (pursuant to Paragraph 13).

4.     A producing party may designate any document (including produced documents, interrogatory responses, responses to requests for admission and other documents) or tangible thing containing or including any PROTECTED INFORMATION as such by conspicuously affixing a legend including the words "CONFIDENTIAL," "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY," or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE" (pursuant to Paragraph 13) on each page containing such information (or on the cover or containing of computer storage media, such as discs or tapes) prior to or at the time the producing party furnishes copies or discloses such materials to the receiving party.

5.     Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE, by a statement on the record at the time such testimony is given that the specific testimony contains CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – HIGHLY SENSITIVE information that is subject to the provisions of this Order.   Alternatively, a producing party may designate testimony or information disclosed at a deposition, including exhibits, that contain CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – HIGH SENSITIVE information by notifying all other parties in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition.  Upon such request, the reporter shall mark the original and all copies of the transcript, as designated, and each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Before the

expiration of said thirty (30) day period after the date of the deposition, until the receipt of any notice provided under this Paragraph, all parties shall presumptively treat deposition transcripts as if they were designated CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY.

6.     All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraphs 4 or 5 shall be designated by the producing party by informing the receiving party of the designation in writing at the time of such production or disclosure.

7.     (a) Any documents (and things such as samples) made available for inspection, as well as all information obtained during such inspection and documents created based upon any such inspection, initially shall be considered, as a whole, to constitute CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time (but in no event more than 30 days) to review and designate any such documents and information appropriately prior to furnishing production copies to the receiving party.

(b) All information gathered, created or extracted during inspection of a facility or piece of equipment, as well as any documents, recordings (whether audio, video or otherwise) or other forms of information created based upon any such inspection, initially shall be considered, as a whole, to constitute CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time (but in no event more than 30 days) to review and redesignate any such documents, recordings or other information or portions thereof as appropriate under this Order, or to remove any such designation therefrom.

8.     Subject to Paragraph 9 below, the following information is not PROTECTED INFORMATION:

(a)      any information that at the time of disclosure to a receiving party is in the public domain;

(b)      any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party or any third party;

(c)      any information that the receiving party can show was already known to it prior to the disclosure, and that the receiving party did not learn of through a violation of this Order or breach of an obligation of confidentiality to the producing party or any third party;

(d)      any information which the receiving party can show by written records was received by it after the time of its disclosure in this action, and was received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party or any third party; and

(e)      any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's PROTECTED INFORMATION.

9.      Notwithstanding Paragraph 8, a party or nonparty producing information that falls within the scope of Subparagraphs 8(a)-(d) may designate its production with a confidentiality designation where such information is provided as part of a compilation that is not in the public domain.

## NO WAIVER OF PRIVILEGE

10.      Inadvertent or unintentional disclosure of information, documents or things subject to the attorney-client privilege, work product protection or any other applicable privilege or protection, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not constitute a waiver or impairment of any

applicable claim of privilege or protection if, as soon as reasonably possible after the producing party becomes aware of any such inadvertent or unintentional disclosure or designation, the producing party promptly notifies the receiving party in writing, designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party or their destruction.  If a receiving party receives documents that appear on their face or are believed to be privileged or otherwise protected, the receiving party shall stop the review of said documents and shall inform the producing party as soon as reasonably possible.  Upon written request by the producing party pursuant to this Paragraph, the receiving party immediately shall return all copies of such inadvertently produced information to counsel for the producing party or destroy such information, at the producing party's election, and the receiving party shall not use such information for any purpose until further order of the Court. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court; provided, however, that no showing of inadvertence will be required in order to preserve the privilege or immunity. The receiving party may not retain any inadvertently produced documents pending the Court's resolution of a challenge to a designation of privilege, but may prepare a record for its own use containing the date, author, addresses, and topic of the inadvertently produced material and such other information as is reasonably necessary to identify the material and describe its nature to the Court in any motion to compel production.  Upon resolution of the motion, if in the producing party's favor, all such notes and records shall be immediately destroyed.

**DISCOVERY RULES REMAIN UNCHANGED**

11.     Unless expressly stated herein otherwise, nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, and the deadlines set forth in the Court's Scheduling Order.

**PROSECUTION BAR**

12.     Absent the written consent of the producing party, any person who on behalf of the Plaintiff receives any document containing technical information designated as "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE (pursuant to Paragraph 13) shall not use such information in preparing or prosecuting any patent application, have any substantive involvement in such use or in claiming priority from any application filed using such information, or otherwise use such information to assist in such preparation, prosecution, or other patent prosecution procedure, including reexaminations, reissues, and patent appeals, to pursue domestic or foreign patent protection (collectively "applications"), from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

**SPECIAL HANDLING OF HIGHLY SENSITIVE PROTECTED INFORMATION**

13.     To the extent it becomes necessary to produce source code or similar highly sensitive confidential information, such PROTECTED INFORMATION may be designated CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE.   The

CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE designation is reserved for information that includes source code, object code, Hardware Descriptive Language ("HDL" or "VHDL" files) or Register Transfer Level (RTL) files for integrated circuits; documentation relating to any such source code, object code, HDL/VHDL files or RTL files; and documentation relating to transmission codes, including, but not limited to, technical specifications that explain the operation of source code and/or transmission codes, functional specifications, communications and messaging protocols, information technology ("IT") specifications and IT platforms (for the purposes of this Order only, such source code, object code, VHDL, HDL or RTL files and documentation will be referred to for convenience as "Highly Sensitive Protected Information").   Nothing in this Order shall be construed as a representation or admission that Highly Sensitive Protected Information is properly discoverable in this action, or to obligate any party to produce such information.   Information designated CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE shall be provided the following further protections.

(a)     Access to the CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE shall be provided only to outside litigation counsel of record, supporting personnel employed by those counsel, technical advisors (per Paragraph 15 and in accordance with Paragraphs 16-17 herein), and the Court and Third Party Vendors (per Paragraph 18 herein, but not including mock jurors), and any other persons agreed upon in advance by the producing party in writing, but not to in-house counsel or any inventor of the patent-in-suit, and shall be subject to the Prosecution Bar pursuant to Paragraph 12.

(b)     Highly Sensitive Protected Information may be produced in searchable electronic form on a stand-alone hard drive.

(c)      Highly Sensitive Protected Information shall be made available for inspection by the receiving party in searchable electronic form on a stand-alone hard drive connected to a secured computer without Internet access or network access to other computers (the "Source Code Computer") at a single and appropriately secure facility ("Secure Facility") at a location selected by the producing party, subject to the reasonable availability of such Secure Facility. Such Secure Facility may include, but is not limited to, the business offices of the producing party or its outside counsel.

(d)      Highly Sensitive Protected Information Available at Secure Facilities.  Highly Sensitive Protected Information will be available at the Secure Facility on three (3) business days' written notice once such information is made available for inspection.  If the Secure Facility is used on consecutive days, 15 hours' notice of use shall be sufficient (*e.g.*, notice of use should be made by 5:00 pm on one day of intended use beginning at 8:00 A.M. the next day).  The producing party shall install such tools or programs on the Source Code Computer as the receiving party's technical advisors deem necessary to review and search the code produced on the platform provided.

(e)      The receiving party's outside counsel and/or technical advisors shall be entitled to take notes relating to the Highly Sensitive Protected Information, but may not copy such information into those notes.  Such notes shall be subject to the provisions of Paragraph 13(j) below.  No copies of all or any portion of the Highly Sensitive Protected Information may leave the room in which it is inspected except as otherwise provided herein, and no other written or electronic record of the Highly Sensitive Protected Information is permitted except as otherwise provided herein.

(f)      The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Highly Sensitive

11

Protected Information.  The receiving party may print portions of the Highly Sensitive Protected Information on colored paper only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondence.  The receiving party shall print only such portions as are reasonably necessary for the purposes for which any part of the Highly Sensitive Protected Information is printed at the time.  Upon printing any such portions of Highly Sensitive Protected Information, the printed pages shall be collected by the producing party.  The producing party shall Bates number, copy on colored paper, and label CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – HIGHLY SENSITIVE any pages printed by the receiving party (the "Stamped Copies").  If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within three (3) business days of the printing of the pages.  In order to meet and confer regarding such objection ,the producing party shall furnish a copy of the Stamped Copies to the receiving party along with such producing party's objection.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek the Court's resolution of whether the printed Highly Sensitive Protected Information in question is not reasonably necessary to any case preparation activity.  Any such court resolution must be sought no later than seven (7) business days after such objection is made.  In the absence of any objection, the producing party shall provide two (2) copy sets of the Stamped Copies on colored paper to the receiving party at the conclusion of the five (5) business day objection period, and shall retain one copy set.  In the event an objection is made, the producing party shall provide

two (2) copy sets of such pages on colored paper to the receiving party within five (5) business days of resolution of the objection by the Court in the receiving party's favor, and shall retain one copy set.   The printed pages shall constitute part of the Highly Sensitive Protected Information produced by the producing party in this action.

(g)     A list of names of persons who have viewed or who will view the Highly Sensitive Protected Information will be prepared by the producing party in the event of any breach of any of the security provisions governing Highly Sensitive Protected Information set forth in this Order.  The producing party shall maintain a daily log of the names of persons who enter the locked room to view the Highly Sensitive Protected Information and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the secure viewing room.

(h)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or technical advisors shall remove all notes, documents, laptops, and other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(i)     Other than as provided in Paragraph 13(f), the receiving party shall not copy, remove, or otherwise transfer any Highly Sensitive Protected Information from the Source Code Computer, including without limitation, copying, removing, photographing or transferring any Highly Sensitive Protected Information onto any other computers or peripheral equipment.  The receiving party shall not transmit any Highly Sensitive Protected Information in any way from the Secure Facility.

(j)     The receiving party and technical advisor shall maintain and store any paper copies of the Highly Sensitive Protected Information or notes related to such information (as

referenced in Paragraph 13(e)) at its respective offices in a manner that prevents duplication of or unauthorized access to the Highly Sensitive Protected Information or Highly Sensitive Protected Information Documents, including, without limitation, storing such information or documents in a locked room or cabinet at all times when not in use.

(k)    The receiving party's outside counsel of record shall maintain a log of all copies of the Highly Sensitive Protected Information (received from a producing party) that are provided by the receiving party to any qualified person under this Order other than a technical advisor who reviews the source code at the Secure Facility.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of Highly Sensitive Protected Information shall be stored or viewed only at (i) the offices of outside counsel for the receiving party; (ii) the offices of outside technical advisors who have been approved to access such information under this Order; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall be entitled to a copy of the log in the event of any breach of any of the security provisions governing Highly Sensitive Protected Information set forth in this Order, and at the conclusion of the litigation.

(l)    The persons described in Paragraph 13(a) who may have access to information designated    CONFIDENTIAL—OUTSIDE    COUNSELS'    EYES    ONLY—HIGHLY SENSITIVE may include excerpts of Highly Sensitive Protected Information in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Highly Sensitive Protected Information Documents"); each excerpt of Highly Sensitive Protected Information quoted in a Highly Sensitive Protected Information Document shall be limited to only that necessary to support the argument made in referencing

the Highly Sensitive Protected Information Document.  For example, excerpts of approximately 25 to 40 lines in length of software code would be allowed. To the extent portions of Highly Sensitive Protected Information are quoted in a Highly Sensitive Protected Information Document, either (1) the entire document will be stamped and treated as CONFIDENTIAL— OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE or (2) those pages containing quoted Highly Sensitive Protected Information will be separately bound, stamped, and treated as CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE.    All Highly Sensitive Protected Information Documents shall be filed under seal.

(m)      The receiving party shall not create electronic copies, electronic images, or any other images of Highly Sensitive Protected Information from the paper copy for use on a computer (e.g., may not photograph or scan the Highly Sensitive Protected Information to a PDF) except as provided herein.  The receiving party may create an electronic copy or image of selected portions of the Highly Sensitive Protected Information only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports), or when reasonably necessary in its internal correspondence in the case, provided that (i) not more than 50 pages of Highly Sensitive Protected Information are included in the correspondence; (ii) that the electronic copy is protected with strong encryption (e.g., 256 bit encryption using public key/private key access); (iii) the computer from which the copy of the Highly Sensitive Protected Information is accessed or viewed is a secured individual computer accessed only by an individual qualified to view Highly Sensitive Protected Information under this Protective Order; (iv) no unencrypted copy of that Highly Sensitive Protected Information is created or viewed on a publicly accessible computer or storage medium, or on a computer that is network accessible beyond the time the Highly Sensitive Protected Information is viewed for purposes of this sentence; (v) the encrypted copy of the

Highly Sensitive Confidential Information is not maintained beyond the time reasonably necessary for purposes of this sentence; and (vi) all other applicable provisions of this Protective Order are still observed as to the electronic copy or image or selected portions of the Highly Sensitive Protected Information. Images or copies of Highly Sensitive Protected Information shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

(n)     Documents containing Highly Sensitive Protected Information shall be password protected so as to limit access only to persons described in Paragraph 13(a).

(o)     All paper copies of Highly Sensitive Protected Information shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition).  Copies of Highly Sensitive Protected Information that are marked as deposition transcript shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

## COUNSEL

14.     Counsel for a receiving party shall have access to PROTECTED INFORMATION pursuant to the preceding paragraphs. Except where expressly noted otherwise, the term "counsel" shall mean outside counsel for the parties working on this litigation, supporting personnel employed by those counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters, but excludes any inventor of a patent-in-suit.

## TECHNICAL ADVISORS

15.     Information designated CONFIDENTIAL, CONFIDENTIAL—COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE

may be furnished and disclosed to technical advisors pursuant to Paragraphs 2, 3, and 13. The term "technical advisor" shall mean an independent, outside expert witness or consultant specifically retained in connection with this action, along with their associates and staff, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, but excludes any inventor of a patent-in-suit.

16.     Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's information designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE to a technical advisor, the receiving party shall first give written notice to the producing party.  Such written notice shall include: (a) the technical advisor's current résumé, *curriculum vitae* or other information adequate to identify the individual's name, address, qualifications and relevant work experience, including an identification of (i) the technical advisor's current employer(s) and consultancies;  (2) each person or entity from whom the technical advisor has received compensation for work in his or her area(s) of expertise or to whom the technical advisor has provided professional services at any time during the preceding five (5) years; (3) the name, action number, filing date, and location of any litigation in connection with which the technical advisor has provided any professional services during the preceding five (5) years, and identification of the party in each litigation for whom the technical advisor provided those services; (4) an identification of any past or present employment or consulting relationship with any party to this action or any competitor of any party to this action; and (5) a copy of the signed Attachment A.

17.     If the producing party does not object in writing, within ten (10) court days of receiving written notice pursuant to Paragraph 16, PROTECTED INFORMATION may then be disclosed to the technical advisor.  If timely objection is made, the parties shall attempt in good faith to

17

resolve the objection.  If the issue cannot be resolved, the producing party may, within twenty (20) court days from receipt of written notice pursuant to Paragraph 16, file a motion to preclude the technical advisor from viewing that party's PROTECTED INFORMATION.  Except by order of this Court, no information designated CONFIDENTIAL, CONFIDENTIAL—COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE shall be disclosed to such technical advisor until after the expiration of the twenty (20) court day period commencing with the receipt by the producing party of notice pursuant to Paragraph 16 or, if an objection or motion is made, until the matter has been ruled upon by this Court or otherwise resolved. No disclosure of information designated CONFIDENTIAL, CONFIDENTIAL—COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE shall be made to any technical advisor unless the person to whom the disclosure is to be made first has signed the form attached hereto as Attachment A stating that he or she has read and understands this Protective Order and agrees to be bound by its terms. Identification of a technical advisor under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical advisor to any discovery.

**ACCESS TO CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, INFORMATION BY COURT AND THIRD PARTY VENDORS**

18.     In accordance with Paragraphs 2 and 3, PROTECTED INFORMATION designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" may be disclosed to the following:

(a)     Court reporters, stenographers and videographers retained to record and/or transcribe testimony taken in this action, provided they have agreed to maintain the

confidentiality of PROTECTED INFORMATION pursuant to this Protective Order by executing the undertaking attached as Exhibit A;

(b)     The Court, jury, and court personnel;

(c)     Graphics, translation, design, and/or trial consulting personnel (including mock jurors) retained by the receiving party to assist in this action, provided <u>they have agreed to maintain the confidentiality of  PROTECTED INFORMATION pursuant to this Protective Order by executing the undertaking attached as Exhibit A</u>;

(d)     Any mediator who is assigned to hear this matter, and his or her staff, provided they have agreed to maintain the confidentiality of PROTECTED INFORMATION pursuant to this Protective Order by executing the undertaking attached as Exhibit A;

(e)     photocopy vendors, independent legal translators, and document imaging, coding, scanning and database services and consultants retained by counsel to set up, maintain and/or operate computer systems and/or litigation databases or to convert data for inclusion in such databases, provided such individuals have agreed to maintain the confidentiality of PROTECTED INFORMATION pursuant to this Protective Order by executing the undertaking attached as Exhibit A; and

(e)     Any other person with the prior written consent of the producing party.

19.    All counsel of record shall be provided a copy of the undertaking of attached Exhibit A, executed by any qualified person, at the time of such execution.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20.    The parties shall use reasonable care when designating documents or information designated as CONFIDENTIAL, CONFIDENTIAL—COUNSELS' EYES ONLY, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE. Designation of PROTECTED INFORMATION under this Order shall constitute a

representation that there is a valid basis for such designation.  Nothing in this Protective Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE has been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE designation with respect to any document or information contained therein.

21.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party may request that the Court cancel or modify a CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE designation, in which case the receiving party shall bear the burden of establishing that the challenged PROTECTED INFORMATION is improperly designated.  Until a determination by the Court, the information at issue shall be treated as designated and subject to the terms of this Order.   Any failure to object to any material being designated as PROTECTED INFORMATION shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

22.     Information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY— HIGHLY SENSITIVE shall be held in confidence, under the overall supervision of the receiving party's outside counsel, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as provided herein. The attorneys of record for the parties shall exercise best efforts to ensure that all produced information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE under this Protective Order is carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions concerning all information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(a)     A present director, officer and/or employee of a producing party may be examined and may testify concerning all information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE which has been produced by that party.

(b)     A former director, officer and/or employee of a producing party may be interviewed, examined and may testify concerning all information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE of which

he or she has prior knowledge, including any documents designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE that were authored or received by the witness.

(c)      Non-parties may be examined or testify concerning any document containing information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party

(d)      Any party or deponent shall have the right to exclude from a deposition any person other than the witness, the witness's attorney(s), and any person(s) authorized to receive information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE under this Protective Order during the portion of the examination concerning such information. If the witness is represented by an attorney who is not authorized under this Protective Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their outside counsel, shall jointly seek a Protective Order from the Court prohibiting the attorney from disclosing information designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE

COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE.

(e)     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown PROTECTED MATERIAL from another party's documents strictly limited to those documents which on their face or through appended documents or cover reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation.  This shall not preclude a producing party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the producing party has designated the document(s) as containing PROTECTED MATERIAL, and regardless of whether such person was an author or recipient of the document.

(f)     At a later date the Court will address trial examinations and testimony occurring in open court as it relates to materials designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE.

24.     Any PROTECTED INFORMATION that is to be filed in this proceeding shall be filed under seal pursuant to the local rules of this Court.  ~~Such material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in Paragraphs 2, 3 or 13, and a statement substantially in the following form:~~

~~CONFIDENTIAL~~

~~FILED UNDER SEAL PURSUANT TO COURT ORDER~~

~~Civil Action No. 2:12-cv-000130-GMN-PAL~~

Modified by court. Not approved.

23

Modified by
court.  Not
approved.

1   ~~The Clerk of the Court is directed to place and maintain under seal in accordance with this~~

2   ~~Order any such pleading or other document filed with or delivered to the Court pursuant to this~~

3   ~~Protective Order.~~

4   25.      Nothing in this Protective Order shall prohibit the transmission or communication of

5   information designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSELS'

6

7   EYES ONLY between or among authorized recipients

8                    (a)       by hand-delivery;

9                    (b)       in sealed envelopes or containers via mail or an established freight,

10                             delivery or messenger service; or

11                    (c)       by telephone, facsimile, e-mail or other electronic transmission system;

12                             where, under the circumstances, there is no reasonable likelihood that the

13                             transmission will be intercepted or misused by any person who is not an

14                             authorized recipient.

15

16   26.      CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY and

17   CONFIDENTIAL—OUTSIDE     COUNSELS'     EYES     ONLY—HIGHLY     SENSITIVE

18   information shall not be copied or otherwise reproduced by a receiving party, except for

19   transmission to authorized recipients (pursuant to Paragraphs 13 and 24), without the written

20   permission of the producing party, or, in the alternative, by order of the Court. Except as

21   provided herein otherwise, nothing herein shall, however, restrict an authorized recipient from

22   making   working   copies,   abstracts,   digests   and   analyses   of   CONFIDENTIAL   or

23   CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information for use in connection

24   with this litigation, provided reasonable precautions are taken, and such working copies,

25   abstracts,   digests   and   analyses   shall   likewise   be   deemed   CONFIDENTIAL   OR

26   CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information under the terms of this

27

28

24

Protective Order. Further, except as provided herein otherwise, nothing herein shall restrict an authorized recipient from converting or translating received CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, information, in whatever form stored or reproduced, shall be limited only to authorized recipients pursuant to the terms of this Protective Order.

### NONPARTY USE OF THIS PROTECTIVE ORDER

27.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information pursuant to the terms of this Protective Order.

28.     A nonparty's use of this protective order to protect its CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information does not entitle that nonparty access to CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information produced by any party to this case.

### LIMITATION ON DISCOVERY FROM TESTIFYING EXPERTS

29.     Testifying experts shall not be subject to discovery on any draft of his or her declaration or report in this case. Such draft reports, notes, or outlines for draft reports are exempt from discovery.

30.     No conversations or communications between counsel and any testifying expert, or materials generated by a testifying expert regarding his or her work on this matter, will be subject to discovery unless such <u>conversations, communications or materials are relied upon by</u> <u>such experts in formulating opinions that are presented in reports or trial or deposition</u> <u>te**stimony in this case**</u>.

31.     Materials, communications and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney-work product for the purposes of this litigation and protective order, and need not be listed in privilege logs.

### **MISCELLANEOUS PROVISIONS**

32.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the counsel-in-charge for the party against whom such waiver will be effective.

33.     Within sixty (60) days after the entry of a final non-appealable judgment or order in this action, or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY— HIGHLY SENSITIVE information which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, electronic or otherwise, which contain or refer to CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information; provided, that all CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS'

EYES ONLY information, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information, not embodied in physical objects and documents, shall remain subject to this Protective Order. If any receiving party destroys any such PROTECTED INFORMATION pursuant to this Protective Order, that party shall send a letter to the producing party confirming the same.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies in its files of all pleadings, documents filed with the court, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), any expert opinions, written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.  The terms of this order shall continue to apply to all such retained materials.

34.     This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or relief, or to relax or rescind its restrictions, when convenience or necessity so requires.

35.     The United States District Court for the District of Nevada, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Nevada.  At the conclusion of this action, the Court shall retain jurisdiction to enforce the terms of this Order.

36.     This Protective Order shall remain in full force and effect after the termination of  this litigation or until cancelled or otherwise modified in writing as agreed to by all of the Parties or by an order of this Court.

37.     An inadvertent failure to make confidentiality designation does not, standing alone, waive the producing party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent or unintentional failure to designate, a producing party may notify the receiving party in writing that the material is to be designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE.  Upon receipt of such notice, the receiving party shall make all reasonable efforts to ensure that the material is treated in accordance with the terms of this Order.  The producing party shall provide substitute copies of documents bearing the confidentiality designation.  Any receiving party shall also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification by the producing party of the inadvertent failure to designate and who is no longer permitted to access the documents under the new designation.

38.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed PROTECTED INFORMATION to any person not authorized under this Order, the receiving party shall immediately (i) notify in writing the producing party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the PROTECTED INFORMATION, and (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

39.     If a receiving party is served with a subpoena, a Court order, a demand in another legal action to which it is a party, or any other legal process by a person not a party to this litigation that would compel disclosure of any PROTECTED INFORMATION, the receiving party shall so notify the producing party in writing as soon as reasonably possible and in any event, before any compliance under such subpoena or Court order is requested or required.  Such notification shall include a copy of the subpoena or order.  The receiving party shall also immediately

inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party shall deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.  Should the person or entity seeking access to the PROTECTED INFORMATION take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this order and objecting to production of the PROTECTED INFORMATION.  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the producing party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

40.     All PROTECTED INFORMATION shall be used only in preparation for and trial of this action, any appeal therefrom, or any proceeding to settle or resolve this action. PROTECTED INFORMATION cannot be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, governmental purpose. Nothing in this Protective Order shall preclude a producing party from using or disseminating its own PROTECTED INFORMATION.

41.     Documents that are withheld from production on the grounds of the attorney-client privilege and/or work product immunity generated for this litigation after the filing of the original complaint in this litigation need not be included in a party's privilege log provided for this litigation.

42.     Any material violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

43.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

May 22, 2012                                    Respectfully submitted,


_/s/ Darrell G. Dotson_                          _/s/ Katherine Kelly Lutton_

**STEVENS LOVE**                               E. Leif Reid (SNB 5750)
Scott E. Stevens                               Tara C Zimmerman (SBN 12146)
Gregory P. Love                                Lewis and Roca, LLP
Darrell G. Dotson                              50 W. Liberty Street
222 N. Fredonia Street                         Suite 410
PO Box 3427                                    Reno, NV 89501
Longview, Texas 75601                          775-321-3415
                                               775-823-2929 (fax)
**BORGHESE LEGAL, LTD.**                       lreid@lrlaw.com
Mark Borghese, Esq.                            tzimmerman@lrlaw.com
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145                        OF COUNSEL:

Attorneys for Plaintiff Systemify, LLC         Katherine Kelly Lutton
                                               650-839-5070
                                               Shelley K Mack
                                               65-839-5070
                                               Leeron G Kalay
                                               650-839-5070
                                               Fish and Richardson PC
                                               500 Arguella St, Ste 500
                                               Redwood City, CA 94063

                                               Attorneys for Defendants PacketMotion, Inc., and
                                               VMware, Inc.

IT IS SO ORDERED:


Peggy A. Leen
United States Magistrate Judge


Dated: June 7, 2012

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DISPLEIGH, LLC

                Plaintiff,

    v.

SAMSUNG ELECTRONICS
AMERICA, INC., *et al.*,

             Defendants.

Case No.  3:11-cv-02977-N

**JURY TRIAL DEMANDED**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____ , state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Agreed Protective Order to which this is attached, and have been engaged as _____ on behalf of _____ in the preparation and conduct of the litigation styled *Systemify, LLC v. PacketMotion, Inc.*, Case No. 2:12-cv-000130-GMN-PAL, pending in the United States District Court for the District of Nevada.

5.    I am fully familiar with and agree to comply with and be bound by the terms of said Protective Order or by further order issued by the Court and consent to the personal jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Protective Order, including any proceedings related to contempt of Court. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE in a secure manner, and that all copies are to remain in my personal

custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me related to any information designated as CONFIDENTIAL, CONFIDENTIAL—COUNSELS' EYES ONLY, or CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY—HIGHLY SENSITIVE are to be returned to counsel who provided me with such material within ten (10) business days of receiving notification that my duties are completed.

6.     I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this action under the terms of my engagement, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic, clerical, or other personnel who are required to assist me of the terms of said Protective Order.

7.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____, 2012.



_____
Title:

33

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 22nd day of May 2012.

/s/ Darrell G. Dotson
Darrell G. Dotson